IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

Keith Russell Judd, Plaintiff,

  v.        No. 1:11-CV-618

State Board of Elections of Virginia;
Secretary of State of Virginia;
State of Virginia, Defendants.



FILED
MAILROOM
NOV - 8 2011
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## MOTION FOR PRELIMINARY INJUNCTION FOR ACCESS TO LAW LIBRARY BOOKS AND RESOURCES

  Plaintiff, Keith Russell Judd, Pro Se, hereby moves this Court for a Preliminary Injunction to compel the Government and all other acting in concert to provide unobstructed access to the Federal Bureau of Prisons' Law Library Books and all other necessary legal resources, pursuant to Fed.R.Civ.P., Rule 65 (a)&(b) and 28 U.S.C. § 1361. The Central Office FBOP Administrtive Remedy was denied on March 22, 2011, No. 618484-A1.

  In direct retaliation for this action, the Executive Staff, Associate Warden B. Nickerson, had all the Law Books Removed from the Prison Law Library, and gave them to Unicor-Federal Prison Industries for recycling. A TRULINCKS hook-up to a data based is now the supposed legal access, funded from the Inmate Trust Fund, and monitored with only intermitent availability. In Judd v. FCC, et al., 723 F.Supp.2d 221, 225 (D.D.C. 2010), this Court found that "in light of the fact that prisoner's efforts presumably are hampered by his incarceration ...".

  UNDER BOP PROGRAM STATEMENT No. 1315.07 the Law Library must be maintained with funds appropriated by Congress. However, TRULINCKS is funded by the Inmate Trust Fund (profits from commissary). The Inmate TRust Fund is established by 31 U.S.C. § 1321(a)(21)&(22). Under 31 U.S.C. § 1321(b)(2), "[e]expenditures from the following trust funds may be made only under annual appropriations and only if the appropriations are specifically authorized by law." "Amounts accruing to these funds are appropriated to be disbursed in compliance with the terms of the trust." (b)(1).

The terms of the Inmate Trust do not allow for funding the Prison Law Library. The appropriated funds by Comgress for the Law Library have been diverted to other programs or unknown deposits. The existing Law Books were destroyed.

Under 31 U.S.C. § 1341(a)(1)(A), an officer or employee of the United States Government may not "**make or authorize an expenditure or obligation exceeding an amount available in an appropriation or fund for the expenditure or obligation; or involve either government in a contract or obligation for the payment of money before an appropriation is made unless authorized by law.**" This is backed-up with a criminal penalty under 31 U.S.C. § 1350. See, OPM v. Richmond, 496 U.S. 414, 430, 110 L.Ed.2d 387, 403, 110 S.Ct. 2465 (1990)("It is a federal crime, **punishable by fine and imprisonment, for any Government officer or employee to knowingly spend money in excess of that appropriated by Congress.**"). This is also a form of money laundering in violation of 18 U.S.C. § 1956 and Extortion under color of official right - 18 U.S.C. § 1951(b)(2).

This is actionable under the Tucker Act, 28 U.S.C. § 1491(a) for damages and injunctive relief. See, Short v. United States, 719 F.2d 1133, 1137 (1983)( "**those are designated trust funds; accordingly, the proper beneficiaries can sue under the Tucker Act if those funds illegally leave the Treasury.**").

In addition, the real-time and permanent record monitoring violates the "**work product**" privilege and is in conflict of interest. See, Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385 (1947) and Fed.R.Civ.P., Rule 26(h)(3) In Al Odah v. United States, 346 F.Supp.2d 1 (D.D.C. 2004), this Court issued a Writ of Mandamus to Order the Government to enjoin real time video monitoring of prisoner's attorney visits, and to hold legal mail confidential. This case is not different, except these prisoners are citizens and not enemy combatants.

It was in the local newspapers in Beaumont Texas, as to the Government's assaults and retaliation against Plaintiff in May 2008, during the Primary.

2

The FBOP have place a Total Telephone Restriction on Plaintiff to prevent legal access and interviews with the media. See, Kimberlin v. Quinlan, 251 F.Supp. 2d 47 (D.D.C. 2003) and Kimberlin v. Quinlan, 199 F.3d 496, 499 (D.C. Cir. 1999) and Kimberlin v. Quinlan, 774 F.Supp. 1 (D.D.C. 1991).

### FAILURE TO COMPLY WITH ADMINISTRATIVE PROCEDURE ACT

The U.S. Department of Justice and the Federal Bureau of Prisons has failed to comply with the Notice and Comment provisions of the Administrative Procedure Act, 5 U.S.C. § 553 to propose or enact a new rule that would allow for the removal of all the Law Books/Materials from the Prison Law Library. Under the Administrative Procedure Act, 5 U.S.C. § 553(b), a general notice of proposed rule making shall be published in the Federal REgister. The notice shall include- (1) a statement of the time, place, and nature of public rule making proceedings; (2) reference to the legal authority of the proposed rule of a description of the subjects and issues involved. The July 13, 2010, Memorandum of B. Nickerson, Associate Warden of FCI Texarkana, did not appear in the Federal REgister, and neither did the Federal Bureau of Prisons or U.S. Department of Justice comply with the Rule Making Procedures, including the requirements of 5 U.S.C. § 553(b). There is no legal authority to remove all the required Law Books from the Prison Law Library.

### ARGUMENT AND AUTHORITIES IN SUPPORT THEREOF

In Castellini v. Lappin, 365 F.Supp.2d 197, 202-203 (D.Mass. 2005), the Court held that the BOP violated the notice and comment provisions of the APA, and therefore likelihood of success on the merits was satisfied to issue a Preliminary Injunction. See, Bush v. Pitzer, 133 F.3d 455, 456-57 (7th Cir. 1997)(APA applies to BOP). See also, Hurt v. Federal Bureau of Prisons, 323 F.Supp.2d 1358, 1365 (M.D.Ga. 2003)("Because this Court holds that the new BOP policy violates the APA as notice and comment were never provided for, this new policy is invalid.").

In <u>Castellini v. Lappin</u>, 365 F.Supp.2d 197 (D.Mass. 2005), the BOP terminated the Boot Camp program which was inconsistent with, and effectively repudiated the regulation by which the FBOP established the program. <u>Id. at 203</u>.

The <u>Administrative Procedure Act</u>, requires notice and comment "when an agency adopts a **new position inconsistent with any of the [agency's] existing regulations.**" <u>Shalala v. Guernsey Memorial Hospitol</u>, 514 U.S. 87, 100, 115 S.Ct. 1232, 131 L.Ed.2d 106 (1995). In this case, the removal of all the law books and printed materials from the Prison Law Library repudiated Program Statement No. 1315.07 and 28 CFR § 543.11(b), and it contradicts all Constitutional and Statutory authority, including use of Inmate Trust Funds, and misappropriating previously appropriated funds by Congress. (See attached hereto, <u>Judd v. Ass. Secretary of State of New Hampshire</u>, No. 2010-0134 (N.H. S.Ct. November 19, 2010).

WHEREFORE, Plaintiff, Keith Russell Judd, Pro Se, asks this Court to either enter a Preliminary Injunction or issue a Writ of Mandamus, to required replacement of the Law Books/Materials, and for unobstructed access to the Prison Law Library and any other resources necessary for this litigation, plus any other relief appropriate and just.

RESPECTFULLY SUBMITTED,

*/s/ Keith Judd*

KEITH RUSSELL JUDD, Plaintiff
Reg.#11593-051, Unit K-2
Federal Correctional Institute
P.O. Box 7000
Texarkana, Texas, 75505



**U. S. Department of Justice**

*United States Attorney*
*Eastern District of Texas*

*110 N. College, Suite 700*     *Phone (903) 590-1400*
*Tyler, Texas 75702-7237*     *Fax   (903) 590-1436*

November 9, 2010

Mr. Keith Russell Judd, #11593-051
FCI
PO Box 7000
Texarkana TX 75505

Re: Complaint of retaliation

Dear Mr. Judd:

    This office has received your complaint concerning the unavailability of appropriate materials in the FCI law library. It appears that you have not exhausted the administrative appellate remedies available to you. You might want to consider, for example, addressing your complaint to the office of inspector general. Therefore, it does not appear that your complaint is an appropriate one for criminal investigation at this time.

                                           Yours truly,

                                           JOHN M. BALES
                                           UNITED STATES ATTORNEY

                                           ALAN R. JACKSON
                                           Assistant U.S. Attorney

COMMITTED NAME: Keith Russell Judd
REG. NO. & QTRS.: 11593-051, Unit K-1
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 7000
TEXARKANA, TX 75505-7000

Legal Mail

SHREVEPORT LA 711
08 NOV 2011 PM 4 L

United States District Court
For the Eastern District of Virginia
401 Courthouse Square
Alexandria, Virginia
22314-5748